**Satbir Singh RANDHAWA, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71143.

INS No. A75–020–911.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2003.*

Decided March 27, 2003.

Before GOODWIN, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM**

Satbir Singh Randhawa petitions for review of the Board of Immigration Appeals' ("BIA's") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158 and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), as amended by the transitional rules stated in section 309(c)(4) of the Ille-

gal Immigration Reform and Immigrant Responsibility Act ("IIRIRA").

We find no error in the BIA's assessment of Randhawa's credibility nor in its denial of his application for asylum and withholding of deportation. In citing multiple significant inconsistencies and contradictions within and between Randhawa's testimony and documentary evidence regarding persecution, the BIA offered "specific, cogent reason[s]" for its ultimate rejection of his credibility. *Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001) (quoting *Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000)). Randhawa thus failed to support his asylum claim with credible testimony or evidence demonstrating "either past persecution or a well-founded fear of present persecution." *See Mejia–Paiz v. INS,* 111 F.3d 720, 723 (9th Cir.1997). As Randhawa "fail[ed] to establish eligibility for asylum, . . . [he] necessarily fail[ed] to establish eligibility for withholding of deportation." *Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999) (noting that the "clear probability" burden of proof for withholding of deportation is greater than the burden of proof for asylum).

Even if Randhawa had met his burden, the State Department reports of record rebut any presumption that Randhawa would suffer political or religious persecution as a Sikh if deported to India. *See Ventura v. INS,* 317 F.3d 1003, 1005 (9th Cir.2003).

Randhawa also seeks review of the BIA's denial of his motion to reopen his deportation proceedings. Because Randhawa failed to file a petition for review of the BIA's order, we lack jurisdiction to address this issue. Rather than petition

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

for review, Randhawa filed a copy of the BIA's order as a supplement to his existing petition for review of the BIA's denial of asylum and withholding of deportation. The Appellate Commissioner mistakenly treated Randhawa's supplemental filing as a petition for review and ordered the parties to brief the issue of the BIA's denial of Randhawa's motion to reopen.

While it is unfortunate that Randhawa may have acted in reliance upon the Appellate Commissioner's error, such error cannot confer jurisdiction where it is lacking. *See* 8 U.S.C. § 1105a(a) (petition for review within 90 days "shall be the sole and exclusive procedure for ... the judicial review of all final orders of deportation ...."); *cf. Tiger Int'l, Inc., v. Civil Aeronautics Bd.,* 554 F.2d 926, 931 (9th Cir. 1977) (jurisdiction lacking where would-be petitioner failed to seek review of order pursuant to appropriate statutory authority). Even assuming we could assert jurisdiction, however, we would find no abuse of discretion in the BIA's denial of Randhawa's untimely motion to reopen where Randhawa failed to explain the nearly five-month delay between the change in law that he asserts and the filing of his motion. *See* 8 C.F.R. § 3.2(c)(2) (motions to reopen are subject to 90-day time bar); *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1225 (9th Cir.2002) (petitioner must have been diligent in pursuing relief).

**DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.